## CIRCUIT COURT OF FAIRFAX COUNTY

Gloria I. Zepeda

v.

John W. Lyles

February 17, 1989

Case No. (Law) 76072

By JUDGE JACK B. STEVENS

This case has been under advisement upon the defendant's Motion to Reconsider the denial of the Motion to Strike the plaintiff's evidence following the mistrial due to a deadlocked jury.

Defendant's Motion to Strike asserts the plaintiff failed to (1) establish the relevant standard of care; (2) show a violation of that standard by the defendant; and (3) show that the violation was the proximate cause of plaintiff's injury. These assertions are based upon the defendant's view that the testimony of plaintiff's medical expert as to these matters, Dr. Warshauer, was legally lacking.

Dr. Warshauer testified that he has been practicing obstetrics and gynecology approximately twenty years; that he graduated from medical school in 1961; that he has delivered approximately one hundred babies per year for approximately twenty years; that he examined the plaintiff's medical records for 1982, the year of the incident complained of here; that after such examination, he concluded that the defendant failed to meet the standard of care required of obstetricians and gynecologists in Virginia. He further gave his opinion of plaintiff's condition based upon plaintiff's medical records and testified to what a reasonably prudent obstetrician would

have done, which was not done, to anticipate and treat such conditions. He further testified that had the defendant done everything that a reasonably prudent physician would have done, then the death of plaintiff's pituitary gland would not have occurred. No objection was made by defendant to Dr. Warshauer's qualification as an expert or to this testimony.

Defendant also argues that the testimony, besides being insufficient in substance, in addition lacked being given with "reasonable medical certainty." First, as plaintiff points out, no authority was submitted that holds that the testimony as to the standard of care and the violation of that standard to be with "reasonable medical certainty"; only that the expert "testify clearly that there has been a departure from acceptable medical standards . . . ." *Fitzgerald v. Manning*, 679 F.2d 341, 347 (4th Cir. 1982). Secondly, as noted above, the transcript fails to show that there was objection by the defendant at the time to the testimony. Thirdly, as to testimony concerning causation, the transcript records that it *was* given with "reasonable medical certainty" as *Fitzgerald* held was required. 679 F.2d at 350. (Excerpt Tr. at 46-47).

Dr. Warshauer's testimony, taken as a whole, and given all justified inferences, was that he concluded that the Defendant failed to render care within the standard applicable to obstetricians and gynecologists in Virginia in 1982; that the principal reasons for that conclusion was the defendant's failure to anticipate the excessive loss of blood suffered by the plaintiff and prepare in advance to remedy such a situation and defendant's further failure to replace the red blood cells and fluid lost by plaintiff more quickly than was done by defendant; and that the result of such failure, with reasonable medical certainty, was the necrosis of the anterior pituitary gland of the plaintiff, a condition known as Sheehan's Syndrome.

For the reasons set forth above, the defendant's Motion to Reconsider is denied.